UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATHERINE VIDOS                                  CIVIL ACTION

VERSUS                                           NO: 13-5510

AMERICAN STRATEGIC INSURANCE                     SECTION: R(5)
COMPANY

**ORDER AND REASONS**

Defendant American Strategic Insurance Company moves the Court to dismiss all of plaintiff's extra-contractual claims.[1] For the following reasons, the Court GRANTS defendant's motion.

I.   BACKGROUND

Plaintiff Catherine Vidos is a Mandeville, Louisiana homeowner.[2] She purchased a Standard Flood Insurance Policy (SFIP) from defendant ASI.[3] The insurance under a SFIP is provided through the National Flood Insurance Program (NFIP), which is administered by the Federal Emergency Management Agency under the National Flood Insurance Act (NFIA). *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 385-86 (5th Cir. 2005) ["*Wright I*"]. "The terms of SFIP policies are dictated by FEMA." *Id.* at 386. Although ASI is nominally plaintiff's insurer, "[p]ayments on SFIP claims ultimately come from the federal treasury." *Id.* In

---

[1]   R. Doc. 10.

[2]   R. Doc. 1 at 1.

[3]   *Id.*

administering the policy, ASI acts as a "fiscal agent of the United States," and is known as a Write Your Own insurer. *Id.*

In August 2012, plaintiff's property sustained flood damage as a result of Hurricane Isaac.[4] Plaintiff thereafter filed a flood claim with ASI for flood damages to her property.[5]

In August 2013, plaintiff sued ASI, asserting that the amount she has received thus far from ASI has not fully compensated her for her covered losses.[6] Plaintiff seeks damages; "interest from the date of judicial demand"; penalties pursuant to La. Rev. Stat. §§ 22:658 and 22:1220; "general, special and equitable relief"; costs; and attorneys' fees.[7]

ASI now moves to dismiss plaintiff's extra-contractual claims.[8] Plaintiff has not filed a response.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4-5.

[8] R. Doc. 10.

(2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

**III. DISCUSSION**

ASI is correct that, to the extent that plaintiff alleges extra-contractual claims, these claims must be dismissed.

The regulations promulgated by FEMA under the National Flood Insurance Act of 1968 provide that "all disputes arising from the handling of any claim under [a SFIP] are governed exclusively by

the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968 . . . and Federal common law." 44 C.F.R. pt. 61, App. A(1), Art. IX. These regulations expressly preempt state law tort claims arising from claims handling by a WYO. *C.W. Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 344-45 (5th Cir. 2005); *see also Wright I*, 415 F.3d at 390. This includes claims for statutory penalties under Louisiana law. *See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978); *Bryars v. Imperial Fire & Cas. Ins. Co.*, Civil Action No. 11-72, 2011 WL 54029320, at *5 n.9 (E.D. La. Nov. 8, 2011). Furthermore, the Fifth Circuit has held that the NFIA does not explicitly or implicitly authorize extra-contractual claims against WYO insurers based on federal common law. *See Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) ["*Wright II*"]. In other words, insureds under SFIP policies have one remedy, and only one remedy for nonpayment of claims: a suit for breach of contract. *See* 42 U.S.C. § 4072 (authorizing such suits); *Wright II*, 500 F.3d at 398 (holding that policyholders cannot file extra-contractual claims against WYO insurers because such claims were not explicitly or implicitly authorized by Congress). Here, plaintiff's lawsuit is based solely on her claim under the standard policy issued by ASI, which is a WYO insurer under the NFIP. *Gallup, Wright I*, and *Wright II* thus expressly prohibit any state law or extra-contractual claims in this context.

Plaintiff is also precluded from recovering attorneys fees under state law. *See West*, 573 F.2d at 881 ("[A] prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the N[FIA] is not entitled to recover . . . attorneys' fees allowed by state insurance law for arbitrary denial of coverage."); *Midland Mortg. Co. v. State Farm Fire & Cas. Co.*, No. 07-4910, 2009 WL 1789419, at *4 (E.D. La. June 23, 2009) (following *West*); *Miller v. Omaha Prop. & Cas. Ins. Co.*, No. Civ.A. H-95-4942, 1997 WL 33833419, at *3 (S.D. Tex. Sep. 4, 1997) (same).

Neither can plaintiff recover "interest from the date of judicial demand," as she seeks in her complaint.[9] In *Newton v. Capital Assurance Co.*, 245 F.3d 1306 (11th Cir. 2001), the Eleventh Circuit held that interest awards against WYO companies constitute direct charges on the public treasury and thus are precluded by the "no-interest rule," which provides immunity to the United States from interest awards. *Id.* at 1312; *cf. Sandia Oil Co. v. Beckton*, 889 F.2d 258, 263 (10th Cir. 1989) (award of postjudgment interest in suit against FEMA precluded by sovereign immunity); *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987) (award of prejudgment interest in suit against FEMA precluded by sovereign immunity). The Fifth Circuit has cited *Newton* with approval for this proposition. *See Monistere v. State Farm Fire &*

---

[9] R. Doc. 1 at 4.

*Cas. Co.*, 559 F.3d 390, 398 (5th Cir. 2009) (noting the parties' agreement that the NFIP does not authorize pre- or postjudgment interest). Moreover, other courts in this district have followed *Newton*. *See Miceli v. Hartford Fire Ins. Co.*, No. Civ.A. 03-2724, 2004 WL 253457, at *2-4 (E.D. La. Feb. 10, 2004) (finding plaintiff's claim against WYO insurer for interest from the date of judicial demand "precluded by the 'no-interest' rule because it constitute[d] a direct charge on the public treasury."). Accordingly, the Court holds that plaintiff's request for interest is prohibited by the no-interest rule.

## IV. CONCLUSION

For the foregoing reasons, ASI's motion to dismiss plaintiff's extra-contractual claims is GRANTED.

New Orleans, Louisiana, this __17th__ day of March, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE